UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**JOHN MARTIN**                                                                                    **PLAINTIFF**

v.                                                                                                  **NO. 4:23-CV-24-BJB**

**STATE FARM FIRE & CASUALTY CO.**                                                                  **DEFENDANT**

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Magistrate Judge Brennenstuhl has recommended that the Court dismiss this case without prejudice based on the plaintiff's failure to prosecute the case and to comply with the Court's local rules. DN 25 at 2.

John Martin sued State Farm in state court for allegedly violating the terms of his homeowner's insurance policy by failing to cover repairs for tornado damage. Complaint (DN 1-2). State Farm removed the case to federal court on Valentine's Day 2023. Notice of Removal (DN 1). The docket indicates that the parties proceeded through discovery and pretrial practice until December 2023, when Martin's lawyer moved to withdraw due to unspecified "issues" with Martin. Motion to Withdraw (DN 19) at 1. Judge Brennenstuhl granted that motion and ordered Martin—by January 29, 2024—to obtain replacement counsel or file a notice of intent to proceed pro se. Order Granting Motion to Withdraw (DN 22).

Martin apparently never took either step. But it is unclear if he ever received this order. Judge Brennenstuhl directed the Clerk to mail the order to the address Martin purportedly provided to his former lawyer and related by her in the motion to withdraw. That order was returned undelivered to the courthouse due to an "insufficient address." DN 23. In response, Judge Brennenstuhl directed the clerk to resend the order to the same address and also to send an electronic copy to an email address Martin's lawyer also provided for him. DN 24. Again, no response from Martin. So on February 22, Judge Brennenstuhl issued a report and recommendation that the Court should dismiss this case for failure to comply with the local rules and failure to prosecute. DN 25.

Martin has not objected to the report and recommendation. When neither party objects to a magistrate judge's report and recommendation, the district court may adopt the order without further review. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Even so, the Court has reviewed the report and recommendation. And the recommendation appears correct. Rule 41(b) of the Federal Rules of Civil Procedure

1

authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute a case or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a sua sponte order of dismissal."). Dismissal without prejudice is appropriate here. True, it's possible Martin has not responded to Judge Brennenstuhl's orders because he has not received them. And while Local Rule 5.3(e) requires pro se litigants to "provide written notice of a change of residential address," which Martin hasn't done, it's also possible that Martin doesn't even know he is pro se. Although individuals who file pro se complaints receive a warning of Rule 5.3, a party who was initially counseled may not have. The motion to withdraw doesn't make clear the extent of Martin's understanding of his lawyer's departure from the case and what that meant for Martin—although presumably counsel and client communicated consistent with the lawyer's ethical obligations.

Despite these contingencies, what is a court to do when a newly pro se party doesn't respond to its orders? The Clerk may do little more than attempt to reach the party at the available contact information and implore previous counsel of the importance of ensuring the client is fully informed of the situation. The Court has already done so, leaving it with no apparent recourse. Perhaps State Farm still knows where Martin is living—after the storm. The duties of good faith imposed on insurers under state law surely give it an incentive to inform rather than shield its (former?) policyholder.

Beyond these steps, however, the Court can apparently go no further: "Without such basic information as a plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute." *Hananiah v. Shelby County*, No. 12-cv-3074, 2015 WL 52089, at *3 (W.D. Tenn. Jan. 2, 2015).

Because Martin has neither objected to Judge Brennenstuhl's report and recommendation nor otherwise responded to his prior orders, the Court dismisses this case without prejudice for failure to prosecute.

Benjamin Beaton, District Judge
United States District Court

May 9, 2024

CC:   Julie Scott Jernigan
      Boggs Law Group
      271 W. Short Street, Ste 813
      Lexington, KY 40507
      727-954-8833
      Email: boggs-pleadings@boggslawgroup.com